No. **91-288**

IN THE SUPREME COURT OF THE STATE OF MONTANA

**1991**

TRACY KROON, RHODA KROON, and
FIRE INSURANCE EXCHANGE,

Plaintiffs and Appellants,

-vs-

JAMES L. COVER, d/b/a CVR OAK DESIGNS,

Defendant and Respondent.

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Paul L. Frantz; Morrow, Sedivy & Bennett, P.C.,
Bozeman. Montana

For Respondent:

Gig A. Tollefsen; Berg, Lilly, Stokes, Andriolo &
Tollefsen, Bozeman, Montana

FILED

SEP 10 1991

Filed:

CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Submitted on Briefs: August 15, **1991**

Decided: September 10, 1991

Justice John Conway 'Harrisondelivered the Opinion of the Court.

Plaintiffs appeal from a judgment of the District Court for the Eighteenth Judicial District, Gallatin County, dismissing their complaint. We affirm.

The issue for review is whether the District Court erred in finding that the risk of loss in a sales transaction passed to the buyer instead of remaining with the seller.

In the fall of **1989,** Cover contracted to build furniture for Kroons. The furniture was complete and ready for delivery on December 14, **1989.** Kroons inspected the furniture at Cover's shop and accepted the quality of the furniture. Cover gave Kroons a receipt indicating that their account was paid in full. Although Cover wanted to deliver the furniture, Kroons asked if Cover could hold the furniture until after Christmas. Cover agreed to hold the furniture at no extra charge. Kroons agreed to take actual physical possession of the furniture on or about December **27, 1989.** The parties' contract did not specify who would be responsible for delivering the furniture to Kroons' home. Further, the parties did not discuss who would bear the risk of loss.

On December 20, **1989** a fire of unknown origin destroyed the furniture. Subsequently, Kroons filed a claim under their homeowners' policy which covered the furniture. After investigation, Fire Insurance Exchange paid Kroons for their loss.

Fire Insurance Exchange initiated this subrogation claim to recover the amount paid to Kroons. Kroons seek recoverey of their deductible. The District Court entered judgment in favor of Cover.

On appeal, appellants maintain that the District Court erred

in dismissing their complaint. Appellants contend that risk of loss remained with the seller under § 30-2-509(3), MCA, entitling appellants to prevail. We disagree and therefore affirm the District Court's judgment in favor of Cover.

The well established rule regarding risk of loss in the absence of breach in sales transactions is contained in § 30-2-509, MCA. Section 30-2-509(3), MCA, places risk of loss as follows:

> (3) In any case not within subsection (1) or (2), the risk of loss passes to the buyer on his receipt of the goods if the seller is a merchant; otherwise the risk passes to the buyer on tender of delivery.

The District Court found § 30-2-509(3), MCA, placed the risk of loss on the buyers on December 14, 1989 because they were in constructive receipt of the furniture on that day. Further, the court found that a gratuitous bailment resulted because Cover desired to actually 'deliver the property to Kroons, but agreed at Kroons' request to postpone delivery until December 27, 1989. As a gratuitous bailee, Cover's only obligation was to exercise ordinary care. Appellants failed to show a lack of ordinary care.

Risk of loss is no longer governed by the "arbitrary shifting of the risk with the 'property' in the goods." Note 1 of the Official Comment, § 30-2-509, MCA. By adopting Montana's version of the Uniform Commercial Code, the legislature adopted the contractual approach to risk of loss cases. Note 1 of the Official Comment, § 30-2-509, MCA.

Applying the contractual approach, risk of loss passed to Kroons when the contract was completely performed and they constructively received the furniture. Cover's performance of the

3

contract was complete when he finished the furniture and made it available for immediate possession by Kroons. The contract was complete, Kroons were the actual owners of the property, and they obtained an insurable interest in the furniture on December 14, 1989. Consistent with ownership rights, Kroons filed a claim with their insurance company and received compensation for their loss.

We conclude that the District Court did not err in dismissing plaintiffs' complaint. Kroons' acceptance and request for later delivery qualified as constructive receipt of the furniture. Pursuant to § 30-2-509, MCA, the risk of loss transferred to Kroons when they constructively received the furniture since Cover is a merchant. Accordingly, we affirm the District Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

Let remittitur issue forthwith.

_John Conway Harrison_
Justice

We concur:

_Terry Trieweiler_
_William E. Hunt Sr._
_R.C. McDonough_
_Fred J. Weber_
Justices

4

September 10, 1991

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Paul L. Frantz
MORROW, SEDIW & BENNETT, **P.C.**
P.O. Box 1168
Bozeman, MT 59711-1168

Gig Tollefsen
BERG, LILLY, STOKES, ANDRIOLO, TOLLEFSEN & SCHRAUDNER
910 Technology Boulevard, Suite A
Bozeman, MT 59715

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy
